**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4394

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES DAVID LOCKHART,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Graham C. Mullen, Senior District Judge. (3:05-cr-00239)

Submitted: December 29, 2006        Decided: January 26, 2007

Before NIEMEYER, MICHAEL, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Norman Butler, Charlotte, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Thomas Cullen, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James David Lockhart pled guilty without a plea agreement to one count of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1) (2000) and was sentenced to eighty-four months in prison.  On appeal, Lockhart contends the district court erred in calculating his guidelines range because the range was based only on information contained in his presentence investigation report ("PSR").  According to Lockhart, because the guidelines range was improperly calculated, his sentence exceeded the maximum sentence authorized by his guilty plea in violation of United States v. Booker, 543 U.S. 220 (2005).  We affirm.

Lockhart's claim that the enhancements to his offense level may not be based upon information submitted in the PSR is meritless.  A district court may exercise discretion "to select a specific sentence within a defined range," and Lockhart "has no right to a jury determination of the facts that the judge deems relevant."  Booker, 543 U.S. at 233; see also United States v. Green, 436 F.3d 449, 455 (4th Cir.) (holding that a district court "must make factual findings as appropriate or necessary to carry out its sentencing function"), cert. denied, 126 S. Ct. 2309 (2006).  Accordingly, we find the district court's calculation of the guidelines range was appropriately based upon information reported in Lockhart's PSR.

We also find the district court did not err when it considered the guidelines range calculated in the PSR accurate. While Lockhart is correct that his sentencing hearings for crimes for which he was arrested on March 10 and May 7, 1999, were consolidated, the sentences were for offenses that took place on different occasions and that were separated by an intervening arrest. Accordingly, the sentences are not "related" for sentencing purposes. See U.S. Sentencing Guidelines Manual § 4A1.2, comment. (n.3). We therefore conclude the district court properly assigned Lockhart to criminal history category V.

We also find the district court did not consider the guidelines range mandatory. After Booker, a sentencing court is no longer bound by the range prescribed by the sentencing guidelines. See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). In a post-Booker sentencing, district courts must calculate the appropriate guideline range, consider the range in conjunction with other relevant factors under the guidelines and § 3553(a), and impose a sentence. Green, 436 F.3d at 455-56. However, "a district court need not explicitly discuss every [18 U.S.C.] § 3553(a) factor on the record." United States v. Eura, 440 F.3d 625, 632 (4th Cir. 2006), petition for cert. filed, ___ U.S.L.W. ___ (U.S. June 20, 2006) (No. 05-11659). A sentence imposed within the properly calculated guidelines range is presumptively reasonable. Green, 436 F.3d at 457.

At sentencing, the district court clearly recognized that the guidelines were advisory rather than mandatory. The court further recognized its duty to fully consider the § 3553(a) factors. After hearing argument from Lockhart's counsel and the Government regarding the guidelines range and § 3553(a) factors, the district court concluded the guidelines range was reasonable under the circumstances and considering the need to protect the "public from further crimes of the defendant and to provide the defendant with the opportunity for needed vocational training," sentenced Lockhart at the low end of the guidelines range. We conclude Lockhart's sentence is reasonable because a sentence imposed "within the properly calculated Guidelines range . . . is presumptively reasonable," and there is no evidence to rebut the presumption in this case. <u>Green</u>, 436 F.3d at 457.

We therefore affirm Lockhart's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

- 4 -